# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-06-00356-CV

---

**Lamar Advertising Company, Appellant**

**v.**

**Texas Department of Transportation, Appellee**

---

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 261ST JUDICIAL DISTRICT
### NO. D-1-GN-02-003699, HONORABLE MARGARET A. COOPER, JUDGE PRESIDING

---

### M E M O R A N D U M   O P I N I O N

This case concerns the interpretation and application of an administrative rule regulating outdoor advertising signs. The question at issue is whether the administrative rule applied to "tri-vision" signs[1] prior to 1999 or whether the Department of Transportation is attempting to and may apply the version of the rule as amended in 1999 to signs permitted and existing prior to 1999. The administrative rule in question was amended in 1999. The parties agree that the post-1999 version of the rule explicitly prohibits the operation of tri-vision signs. *See* 43 Tex. Admin. Code § 21.154 (2006) (unchanged since 1999). The dispute concerns whether the pre-1999 version of the rule prohibited tri-vision signs and, if not, whether the Department may apply the post-1999 version of the rule to Lamar's pre-existing signs. Lamar also contends that if the pre-1999 version of the rule

---

[1] Tri-vision signs are outdoor signs made up of vertical, three-sided slats that can be rotated. When the slats are rotated, the image on the sign changes. Thus, tri-vision signs can alternate between three different displays at any given time.

is found to apply to tri-vision signs, it is unconstitutionally vague. We conclude that the pre-1999 version of section 21.154 prohibited the operation of tri-vision signs, therefore, Lamar was not subject to an unconstitutional retroactive application of the post-1999 version of the rule. We also conclude that the pre-1999 version of the rule was not unconstitutionally vague. Consequently, we affirm the judgment of the trial court.

Lamar owns two outdoor advertising signs that are located in the city of Killeen.[2] It applied for and received permits from the Texas Department of Transportation to construct and maintain the two signs in 1989 and 1990, respectively. The signs were converted to tri-vision signs in 1995 and 1998, respectively. The Department renewed Lamar's permits for both signs every year until 2000.

In 1999, the Department amended section 21.154 of the administrative code. This section had, since 1986, prohibited the illumination[3] of signs with "intermittent message[s] of any nature." 11 Tex. Reg. 903 (1986), *amended by* 24 Tex. Reg. 3733 (1999) (codified at 43 Tex. Admin. Code § 21.154). The 1999 amendment to section 21.154 added subsection (b), which states: "[s]igns with intermittent messages are prohibited, *including tri-vision signs with rotating slat messages*." 24 Tex. Reg. 3733 (1999) (codified at 43 Tex. Admin. Code § 21.154) (emphasis added). In August 2000, the Department issued an illegal sign notice to Lamar stating that its tri-

---

[2] The record reflects that Richard L. Sweezy was a prior owner of the two signs and had originally obtained the permits for the signs from the Department of Transportation. At some point, Bowlin Outdoor Advertising purchased the signs from Sweezy, and Lamar Advertising Company purchased the signs from Bowlin. For purposes of this appeal, we refer only to Lamar and not to its predecessors in interest.

[3] It is undisputed that the two signs at issue are illuminated signs.

vision signs were prohibited by section 21.154 and that "[t]he two locations will not be in violation as soon as the displays are changed to one advertisement per side." Lamar stopped the rotation of the slats on both tri-vision signs in response to this notice.[4]

In 2002, Lamar sought a declaration from the trial court that the Department's application of the 1999 amended version of section 21.154 to its tri-vision signs constitutes an unconstitutional retroactive application of the rule. It alleged that "[a]t the time the permits were issued and the billboards installed, signs with intermittent messages, including tri-vision signs with rotating slat messages, were allowed under Texas law." Alternatively, Lamar sought a declaration that if the Department of Transportation was relying on the pre-1999 version of section 21.154 to prohibit its tri-vision signs, the pre-1999 rule was unconstitutionally vague. Lamar requested summary judgment on its claims for declaratory relief. In response, the Department filed a cross-motion for summary judgment, contending that the pre-1999 version of section 21.154 prohibited the operation of tri-vision signs and was not unconstitutionally vague. The trial court granted the Department's motion for summary judgment and denied Lamar's motion.

The pre-1999 version of section 21.154 in question was first promulgated in 1986 and was effective until the section's amendment in 1999. This version of section 21.154 was titled "Lighting of Signs" and provided in relevant part:

Signs may be illuminated, subject to the following restrictions:

---

[4] Although the Department renewed Lamar's sign permits several times while the tri-vision signs were operational, Lamar is not asserting estoppel as a basis for relief.

3

(1) signs which contain, include or are illuminated by any flashing, intermittent, or moving light or lights or intermittent message of any nature are prohibited, except those giving only public service information such as time, date, temperature, weather, or similar information.

11 Tex. Reg. 903 (1986), *amended by* 24 Tex. Reg. 3733 (1999) (codified at 43 Tex. Admin. Code § 21.154).

In 1998, the Department considered an amendment to section 21.154 that "allows the use of changing technology by lifting the prohibition of intermittent messages of any nature" because "[a]dvancing technology has prompted numerous requests for tri-vision or changeable message signs." 23 Tex. Reg. 12270 (1998) (43 Tex. Admin. Code § 21.154) (proposed December 4, 1998). However, instead of lifting the ban on intermittent messages of any nature, the Department ultimately added a broader and more explicit prohibition against tri-vision signs in new subsection (b) of the amended rule. Thus, the amended version of the rule that was adopted in 1999 provided in relevant part:

(a) Lighting. Signs may be illuminated except for signs that contain, include, or are illuminated by:

(1) any flashing, intermittent, or moving light or lights, including any type of screen using animated or scrolling displays, such as an LED (light emitting diode) screen or any other type of video display, even if the message is stationary, except those giving only public information such as time, date, temperature, weather, or similar information.

. . .

(b) Moving parts. Signs with intermittent messages are prohibited, including tri-vision signs with rotating slat messages.

4

24 Tex. Reg. 3733 (1999) (codified at 43 Tex. Admin. Code § 21.154).

Lamar contends that the Department's illegal sign notice to Lamar in August 2000 applied the 1999 amended version of section 21.154 to its tri-vision signs in an unconstitutionally retroactive manner. The Department responds that while the 1999 amendment to section 21.154 made the prohibition against the operation of tri-vision signs broader and more explicit, the 1986 version of section 21.154 also prohibited the operation of illuminated, tri-vision signs. Specifically, the Department argues that the 1986 version's prohibition against "intermittent message[s] of any nature" included rotating slat messages on illuminated, tri-vision signs. We defer to an agency's interpretation of a valid rule it is charged with administering unless the interpretation is plainly erroneous or inconsistent with the language of the rule. *BFI Waste Sys. of N. Am., Inc. v. Martinez Envtl. Group*, 93 S.W.3d 570, 575-76 (Tex. App.—Austin 2002, pet. denied); *H.G. Sledge, Inc. v. Prospective Inv. & Trading Co.*, 36 S.W.3d 597, 604 (Tex. App.—Austin 2000, pet. denied).

We are of the opinion that the Department's interpretation of the 1986 version of section 21.154 is not plainly erroneous or inconsistent with the language of the rule. The plain language of the 1986 version of the rule prohibited "intermittent messages of any nature." The only exclusion from this broad prohibition against intermittent messages was for "those [intermittent messages] giving only public service information such as time, date, temperature, weather, or similar information."[5] Sign displays made up of rotating vertical slats that allow different images or messages to appear when the slats turn are capable of providing "intermittent messages." Such

---

[5] It is undisputed that the two tri-vision signs in this case do not provide public service information.

intermittent displays, if illuminated and with the rotation system operating, are prohibited by the plain language of the rule both before and after the 1999 amendment.[6]

As we have noted, the pre-1999 rule prohibited illuminated, intermittent messages of any nature by its express terms. Significantly, the Department considered a 1998 proposal to amend the rule to lift the prohibition against intermittent message of any nature and permit tri-vision signs. The Department considered this rule change and, instead of adopting a more lenient treatment of tri-vision signs, adopted an amendment to the rule that made the prohibition of tri-vision signs broader and more explicit. This is consistent with the Department's position that illuminated, tri-vision signs are capable of providing intermittent messages and, thus, were subject to regulation under the pre-1999 version of the rule if they, in fact, displayed intermittent messages.

The Department's interpretation that the 1986 version of section 21.154 prohibited the operation of illuminated, tri-vision signs does not conflict with the plain language of the rule and is consistent with the comments to the Department's proposed amendment to the rule in 1998. The 1999 amendment of section 21.154 partly codified and partly broadened the Department's interpretation of the 1986 regulation. After the 1999 amendment, section 21.154 plainly prohibited the operation of moving tri-vision signs whether illuminated or not. Because section 21.154 has, at

---

[6] There may be a question under the pre-1999 version of the rule as to what constitutes an "intermittent" message when dealing with tri-vision signs. For example, if a tri-vision sign only rotates and changes its message on the same schedule as the replacement of messages on a nonmoving sign, would this be an "intermittent" message? Simply because a tri-vision sign is capable of displaying intermittent messages does not mean that it, in fact, does so. This is illustrated by the fact that Lamar stopped the rotation mechanism on the signs at issue in this case and the Department does not consider the signs in violation of the rule if they function like nonmoving signs. However, the issue of when a changing message becomes an "intermittent" message is not presented in this case.

all times relevant to this appeal, prohibited the operation of illuminated, tri-vision signs with intermittent messages, the Department's illegal sign notice to Lamar in August 2000 was not an unconstitutional retroactive application of law.

In light of our holding that the 1986 version of section 21.154 prohibited the operation of tri-vision signs, we reject Lamar's argument that its tri-vision signs are legal nonconforming signs. Since the operation of illuminated, tri-vision signs with intermittent messages was prohibited under the 1986 version of the rule, the signs at issue were never legal signs because they were converted to tri-vision signs in 1995 and 1998. Thus, the signs cannot be legal nonconforming signs.

Lamar contends in the alternative that if the 1986 version of section 21.154 prohibited the operation of tri-vision signs, it was unconstitutionally vague. To survive a vagueness challenge, a statute need not spell out with perfect precision what conduct it forbids. *Commission for Lawyer Discipline v. Benton*, 980 S.W.2d 425, 437 (Tex. 1998). Due process is satisfied if the prohibition is "set out in terms that the ordinary person exercising ordinary common sense can sufficiently understand and comply with." *Id.* (citing *United States Civil Serv. Comm'n v. National Ass'n of Letter Carriers*, 413 U.S. 548, 579 (1973)). Moreover, statutes must give fair notice to those to whom the statute is directed. *Id.* (citing *Grayned v. City of Rockford*, 408 U.S. 104, 112 (1972)).

Lamar contends that, because the application of section 21.154 could result in the revocation of its sign permits, a more heightened standard of review applies. Under this more strict standard of review, which is reserved for criminal statutes and civil statutes or regulations with quasi-criminal penalties, a rule is unconstitutionally vague only if it (1) does not give fair notice of what conduct may be punished, and (2) invites arbitrary and discriminatory enforcement by its

7

lack of guidance for those charged with its enforcement. *TXU Generation Co. v. Public Util. Comm'n*, 165 S.W.3d 821, 838-39 (Tex. App.—Austin 2005, no pet.); *Rooms with a View, Inc. v. Private Nat'l Mortgage Ass'n*, *Inc.*, 7 S.W.3d 840, 845 (Tex. App.—Austin 1999, pet. denied); *see Ford Motor Co. v. Texas Dep't of Transp.*, 264 F.3d 493, 508 (5th Cir. 2001).

The Department responds that Lamar is not entitled to rely on the more stringent standard because Lamar did not have its sign permits revoked under the rule. Instead, as the Department points out, Lamar has been allowed to maintain the signs as they were originally permitted and annually renewed, as one-faced signs with no rotating slats or intermittent messages. Moreover, Lamar voluntarily stopped the rotation of the slats in response to the Department's illegal sign notice in 2000, approximately two years before the commencement of this lawsuit. We agree with the Department that Lamar's vagueness challenge should not receive the more strict standard of review reserved for criminal statutes and civil statutes and regulations with quasi-criminal penalties. Thus, we examine whether the ordinary outdoor advertising sign owner exercising ordinary common sense could understand and comply with the rule. *Benton*, 980 S.W.2d at 437.

We conclude that an ordinary sign owner exercising common sense could understand that the 1986 version of 21.154 prohibited the operation of illuminated signs with intermittent messages, including illuminated, tri-vision signs with the capability of displaying intermittent messages. The plain language of the rule prohibited illuminated signs containing "flashing, intermittent, or moving light or lights or intermittent message[s] of any nature." 11 Tex. Reg. 903 (1986). Although this prohibition did not explicitly include rotating slats containing messages, the rule is not required "to spell out with perfect precision what conduct it forbids." *Benton*,

8

980 S.W.2d at 437. Common sense suggests that the prohibition against intermittent messages of any nature included any kind of frequent movement or changing message on the face of the sign (presumably to prevent drivers from being overly distracted). The only exception from this general ban against intermittent messages was for signs displaying public service information. Such a narrow exception suggests that any other type of intermittent or frequently changing message on the face of the sign was prohibited by the rule. Thus, an ordinary sign owner could understand that the operation of tri-vision signs, which are designed to present frequently changing messages from different advertisers to individuals driving by the signs, were prohibited by the rule. We conclude that the 1986 version of section 21.154 was not unconstitutionally vague.

    Affirmed.

_____

G. Alan Waldrop, Justice

Before Justices Patterson, Pemberton and Waldrop

Affirmed

Filed:   June 20, 2007

9